United States District Court

District of Massachusetts

Bankruptcy Division

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| JACOB WIRTH RESTAURANT GROUP, LLC | } | Chapter 11 |
| | } | Case No. 17-14263-MSH |
| Debtor | } | |
| | } | |

# LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR AUTHORITY TO PAY PREPETITION WAGES

To the Honorable Melvin S. Hoffman, Bankruptcy Judge:

Comes now creditor Gemutlichkeit, LLC who files this Limited Objection to the Debtor's Motion for Authority to Pay Prepetition Wages and as grounds therefore states as follows:

1. Creditor Gemutlichkeit, LLC ("Gemutlichkeit") is the owner of the commercial real estate located at 31-39 Stuart Street, Boston MA and in which the debtor is operating a restaurant known as "Jacob Wirth".

2. The debtor is a tenant at will. The debtor's lease with Gemutlichkeit expired and terminated as of August 22, 1011.  Furthermore the debtor has failed to pay prepetition sums owed to Gemutlichkeit, in excess of $50,000.

3. The debtors motion, in seeking to pay alleged prepetition wages due to admitted insiders, fails to meet any standard set forth by the courts in any bankruptcy jurisdiction.

4. That standard involves the courts using their equitable powers under 11 USC section 105 to allow for the payment of prepetition wages where the court has found it appropriate to consider the "doctrine of necessity".

5. The standard has been consistently set forth by the courts: the debtor must demonstrate through the preponderance of evidence that a wage obligation exists and is a prepetition contractual duty on the part of the debtor; that the obligation would otherwise constitute an administrative priority claim of the estate under 11 U.S.C. 507(a)(4) and as such would have priority over other creditors in the distribution of the debtor's assets; the likelihood of successful reorganization, and finally, that the detriment to the estate in not paying these wages is greater than the potential harm to the estate if they are paid. In re United American, Inc., 327 B.R. 776 (Bankr. E.D.Va., 2005); In re Corner Home Care, Inc., 438 B.R. 122 (Bankr. W.D. Ky., 2010); In re Ecosmart, Inc. (Bankr.C.D. Cal. 2015).

6. This case was filed on November 15, 2017. The debtor has not filed its schedules. The 341 meeting will not be held until December 20, 2017. The hearing on this matter, which is not clearly set as an evidentiary matter, is currently scheduled for November 29, less than 24 hours from the deadline imposed by this court to file this objection.

7. As such, it is impossible for this creditor or any other creditors to discern the facts essential to a determination by this court as to whether the payment of funds by this debtor to its insiders meets the necessity standard. At minimum, Gemutlichkeit requests an opportunity to conduct discovery and examine the debtor for the purposes of elucidating the following facts:

a) whether and to what extent these insiders have been receiving prepetition payments, whether these payments have been validly rendered in the form of wages, whether a contractual obligation exists on the part of the debtor to pay these wages, and whether and to what extent this payment represents an accrual of previously unpaid obligations to these insiders.

b) the nature and extent of any services or consideration provided by these insiders to the debtor and over what period of time.

c) whether and to what extent the funds to be paid to the insider's accrued during the 180 day priority limits of 11 USC 507 (a) (4).

d) whether and to what extent there are any competing cash collateral interests in this estate such that this debtor would be utilizing cash collateral.

---

8. The debtor's motion fails to set forth the critical nature of the role of any employee listed on its "Exhibit A". Furthermore, there is no assertion that the principal insiders, if not paid, would discontinue their efforts toward this reorganization effort. Any such assertion at the hearing would stretch the bounds of credulity.

9. Given that this debtor has no lease rights to assume or assign, is substantially in arrears on prepetition rent and is a tenant at will, it is one stay relief motion away from losing access to its primary business operation. As such the prospects for the debtor's reorganization are, in the absence of extraordinary circumstances, incredibly remote, and the court should not be consenting to the dissemination of assets to the insiders at this early stage. 10. The balancing of equities here argues that this court should at least postpone the outflow of funds to insiders

pending creditors opportunity to examine the financial inner workings of this debtor. If this court does not at minimum delay the payment of wages to the insiders, Gemutlichkeit and other creditors will not have had ample time to review or impeach the integrity of any documentation in support of testimony that the debtor proposes to introduces at the hearing on this matter.

WHEREFORE, Gemutlichkeit respectfully seeks an order:

    a) Sustaining its objection to the payment of prepetition wages or

    b) Sustaining its objection to the payment of prepetition wages to insiders or

    c) At minimum, delaying the payment of prepetition wages to insiders pending reasonable discovery,

and for such other relief as is deemed just.

Respectfully submitted,

GEMUTLICHKEIT, LLC

By its counsel:

    /s/ Jeffrey P. Allen
Jeffrey P. Allen BBO#01550
E-mail: jallen@lawson-weitzen.com
Glenn P. Frank BBO#542132
E-mail:gfrank@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Phone (617) 439-4990
Facsimile (617) 439-3987

## **CERTIFICATE OF SERVICE**

    I, Jeffrey P. Allen, hereby certify that a true and accurate copy of the foregoing Limited Objection to the Debtor's Motion for Authority to Pay Prepetition Wages filed through the Electronic Case Filing System has been served on this 28th day of November 2017 electronically to the registered participants and as outlined below

| | |
|---|---|
| Via Facsimile: | Assistant U.S. Trustee John Fitzgerald |
| | Office of the US Trustee |
| | J.W. McCormack Post Office & Courthouse |
| | 5 Post Office Sq., 10th Fl, Suite 1000 |
| | Boston, MA 02109 |
| | Facsimile:  (617) 565-6368 |
| | |
| Via Facsimile: | Massachusetts Department of Revenue |
| | Internal Revenue Service |
| | Massachusetts Department of Unemployment Assistance |
| | |
| Via First Class Mail: | Those listed on the attached Verified Creditor Matrix |

                                                      /s/ Jeffrey P. Allen
                                                      Jeffrey P. Allen

# United States Bankruptcy Court
### District of Massachusetts

In re   Jacob Wirth Restaurant Company, LLC                     Case No.  17-14263
                              Debtor(s)                          Chapter   11

## VERIFICATION OF CREDITOR MATRIX

I, the Manager/Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:  11/6/17                           /s/ W. Kevin Fitzgerald/Manager/Member
                                         Signer/Title

A-1 Exterminators
POBOX 310
Lynn, MA 01903-0310

AIM Insurance
POBOX 4131
Woburn, MA 01888-4131

Alsco Food Check Group
89 Winthrop Road
Plymouth, MA 02360

ASCAP
2178 Network Place
Chicago, IL

August A. Busch & Co.
440 Riverside Avenue
Medford, MA

BMI
P.O. Box 630893
Cincinnati, OH 45263-0893

Boston Environmental Management Co
152 Bartlett Road
Winthrop, MA 02152

Bowditch & Dewey LLP
311 Main Street
PO BOX 5156
Worcester, MA 01615

Burke Dist. Co.
P.O. Box 168
Randolph, MA 02368

City of Boston
Tax Collector
City Hall Room M-5
One City Hall Square
Boston, MA 02201

City of Revere
City Hall
281 Broadway
Revere, MA 02151

Comcast
P.O. Box 1577
Newark, NJ 07101

Craft Brewers Guild
170 Market Street
Everett, MA

Daley and Wanze
POBOX 417599
Boston, MA 02241-7599

Eversource
P.O. Box 660369
Dallas, TX 75266-0369

Falvey Linen Supply
23 Walpole Park South Drive
Walpole, MA 02081

Freedom Mechanical
190 Medway Rd.
Milford, MA 01757

Gemutlichkeit LLC
70 Everett Ave
Chelsea, MA

Glenn Frank, Esq.
Lawson & Weitzen,LLP
88 Black Falcon Av
Suite 345
Boston, MA 02210

Hall Pump and Sales & Service Corp
200 Andover Street
POBOX 665
Reading, MA 01867-0665

Hanover Insurance
P.O. Box 580045
Charlotte, NC 28258-0045

Harpoon Dist.
306 Northern Ave
Boston, MA 02210

Health Service Administrators
135 Wood Road
Braintree, MA 02184

Horizon Beverage
80 Stockwell Drive
Avon, MA 02322

Internal Revenu Service
Box 7346
Philadelphia, Pa. 19101-7346

Interstate Food Equipment Service
POBOX 114
Somerville, MA 02143

JRM Hauling & Recycling
265 Newbury Street
Peabody, MA 01960-2500

Lavalle Bakery
117 Beaver Street
Waltham, MA 02452

Lenox Martell, Inc.
89 Heath Street
Jamaica Plain, MA 02130-1402

M.S. Walker, Inc.
20 Third Ave
Somerville, MA 02143-4450

Massachusetts Departm of Revenue
Collections Bureau - Bankruptcy Unit
100 Cambridge Street
7th Floor
Boston, MA 02114

Massachusetts DUA
19 Staniford Street
Boston, MA 02114

Mel Stiller
378 Bacon Street
Waltham, MA 02154

Modern Draught
7 Moulton Street
Charlestown, MA 02129

National Grid
P.O. Box 11737
Newark, NJ 07101-4737

Northeast Cutlery Service
244 Ash Street
Reading, MA 01867

Oracle America, Inc.
POBOX 203448
Dallas, TX 75820-3448

Pasek Corporation
9 West Third Street
Chelsea, MA 02150

Prosper -IT
150 Eastern Avenue
Suite 300
Melrose, MA 02176

Robert L. Dilman
28 Mystic Avenue
Medford, MA 02155

Russo's
560 Pleasant Street
Watertown, MA 02472

SEASAC INC
POBOX 900013
Raleigh, NC 27675

Smokehouse, Inc.
1188 Blue Hill Avenue
Boston, MA 02125

Strategic Funding Source, Inc.
120 West 45th Street
New York, NY 10036

Suburban Suppy
29 Kearney Drive
Needham Heights, MA 02490

Sysco Corporation
380 South Worcester Street
Waltham, MA 02453

Tyco Integrated Security LLC
POBOX 371967
Pittsburgh, PA 15250-7967

Wayne>s Drains
POBOX 298
Woburn, MA 01888